## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:92CR12 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| HAMEDAH A. HASAN, | ) | |
| a/k/a Stephanie Lomax, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motion to reduce her sentence pursuant to Amendment 706 to the sentencing guidelines and request for evidentiary hearing (Filing No. 744).

### FACTUAL BACKGROUND

In 1993, after a jury trial, the Defendant Hamedah Ali Hasan was found guilty of the following Counts in the Superseding Indictment:  I (conspiracy to distribute and possess with intent to distribute cocaine), IV-VIII (distribution of and/or possession with intent to distribute cocaine), IX (interstate travel in aid of racketeering), and X (use of a communication facility in furtherance of a conspiracy).  She committed the offenses between 1988 and 1991.  She had no criminal history and she had no misconduct while on pretrial release in 1992 and 1993.

Hasan was held responsible for 5.9 kilograms of cocaine base, placing her at base offense level 40.  She received a three-level upward departure for her role as a manager in the conspiracy.  On October 20, 1993, the Honorable Richard G. Kopf sentenced Hasan to the following concurrent terms of imprisonment: Counts I and VII - life; Counts IV and

V - 480 months; Counts VI and VIII - 240 months; Count IX - 60 months; and Count X - 48 months.  (Filing No. 436.)

On November 1, 1994, Amendment 505 to the Sentencing Guidelines eliminated base offense levels 42 and 40 from the drug quantity table in U.S.S.G. § 2D1.1.  The amendment was made retroactive.  In 1998, Hasan filed a motion to reduce her sentence under 18 U.S.C. § 3582(c)(2)[1] in light of retroactive Amendment 505.  (Filing No. 551.)  Hasan also asked the Court to consider her post-sentencing rehabilitative conduct during her imprisonment as grounds for a downward departure under U.S.S.G. § 5K2.0.  In resentencing Hasan in 1999, under § 3582(c)(2), Judge Kopf applied Amendment 505 and reached a new total offense level of 41.  He also departed 8 levels downward to offense level 33 based on her post-sentencing in-prison rehabilitative conduct under U.S.S.G. § 5K2.0.  Judge Kopf, therefore, granted Hasan's motion to reduce her sentence and sentenced her to the following concurrent terms of imprisonment: Counts I, IV, V, VI, VII, and VIII - 144 months; Count IX - 60 months; and Count X - 48 months.  (Filing Nos. 587,

---

[1]Section 3582(c) provides, in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that –
    . . .
        (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

596.)[2]  The Eighth Circuit initially affirmed the sentence; however, the panel's opinion was vacated and the case was heard *en banc*.  *United States v. Hasan,* 205 F.3d 1072, 1075-76 (8th Cir. Feb. 29, 2000), *vacated,* 213 F.3d 1049 (8th Cir. 2000).

The *en banc* Eighth Circuit Court concluded that the district court abused its discretion in granting a downward departure under § 5K 2.0 in a § 3582(c)(2) resentencing. *United States v. Hasan,* 245 F.3d 682, 684-85 (8th Cir. 2001).  The Eighth Circuit explained that a district court under the relevant circumstances must make two determinations: (1) the sentence that it would have imposed had the new sentencing range been the applicable range at the time of the original sentencing; and (2) whether to give the defendant the benefit of that reduced sentence.  *Id.*  At step (2) the district court may consider any applicable factors listed in 18 U.S.C. § 3553(a) only insofar as it considers where within the new guideline range to sentence the defendant; § 3553(a) may not serve as a mechanism for a departure below the guideline range.  *Id.* at 685.  Therefore, the Eighth Circuit concluded that Judge Kopf abused his discretion in departing below the new guideline range under § 3553(a) because a downward departure was not granted at the original sentencing.  *Id.* at 686 (discussing U.S.S.G. § 1B1.10).  Since post-sentencing conduct could not have been a factor at the original sentencing, the Eighth Circuit stated that the below-the-guideline sentence could not stand.  *Id.* at 686-90.  The circuit court reversed the district court's grant of the downward departure motion and remanded the case for imposition of a 324-month sentence.  Four judges dissented, stating that the

---

[2]Judge Kopf's reasoning is set out in *United States v. Hasan,* 41 F. Supp. 2d 1004 (D. Neb. 1999), *rev'd,* 245 F.3d 682 (8th Cir. 2001).

earlier panel decision explained their reasoning. *Id.* at 690-91. Hasan's petition for certiorari was denied. *Hasan v. United States,* 534 U.S. 905 (2001).

On remand in 2002, Judge Kopf resentenced Hasan to the following concurrent terms of imprisonment: Counts I, IV, V and VII - 324 months; Counts VI and VIII - 240 months; Count IX - 60 months; and Count X - 48 months. (Filing No. 654.) Hasan then filed the motion now under consideration, and a supporting brief, relying on the recent retroactive amendments to the crack cocaine sentencing guidelines set out in U.S.S.G. § 2D1.1 as well as U.S.S.G. § 1B1.10. (Filing Nos. 744, 745.) The government filed no brief in opposition. Judge Kopf recused himself from the case, and the case was reassigned to the undersigned Judge. (Filing Nos. 751, 752.)

At the hearing on this matter on June 19, 2009, the Court inquired of counsel whether Judge Kopf's sentence imposed in 1999 should be viewed as Hasan's "original sentence" for purposes of the applicable policy statement of the Sentencing Commission, USSG § 1B1.10(b)(2)(B).[3]

Counsel for Hasan continued to argue that the "sentencing landscape" has changed since Judge Kopf imposed the 324-month sentence at the Eighth Circuit's direction (see Filing No. 745, at 3) and that the Sentencing Commission erred in not adjusting the crack cocaine guidelines applicable to the largest quantities of crack cocaine. Counsel for the government argued that Hasan's sentencing range was at a level 38 which was not

---

[3]U.S.S.G. § 1B1.10(b)(2)(B) provides: "If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate."

lowered by the Commission, and that she was ineligible for a reduction of sentence under the crack cocaine amendments.  The Court stated that the sentence imposed by Judge Kopf in 1999 was a reasonable sentence, considering all the 18 U.S.C. § 3553(a) factors[4], and, viewing it as Hasan's "original sentence," the Court intended to grant Hasan's motion and impose a term of 144 months.[5]

## DISCUSSION

The sentencing landscape has indeed changed since Hasan first entered the federal criminal justice system.  It has been an active, even seismic, landscape.  It is incumbent on this Court to attempt to apply this sentencing structure to the specific and unusual circumstances of Hasan's case, while remaining mindful that the criminal justice system is most effective when it is fair and even-handed to those affected by its penalties.

Regardless, this Court acknowledges, upon further research of the facts and the law, that the sentence it imposed from the bench is contrary to law and must be corrected.  *See* Fed. R. Crim. P. 35(a).  This acknowledgment is made with profound regret and with sincere apology to the Defendant, Hasan.

---

[4]Hasan's post-offense rehabilitation during her time of incarceration was "atypical," "genuine and extraordinary," warranting a downward departure under U.S.S.G. § 5K2.0. *United States v. Chapman,* 356 F.3d 843, 849 (8th Cir. 2004) (holding that rehabilitative efforts need not necessarily begin before arrest).  When a defendant has demonstrated extraordinary success at rehabilitation efforts, the need for incarceration is diminished.  The history and characteristics of the defendant are changed.  The punishment that is "just" is changed.  The need for specific deterrence is lessened.  The need for correctional programs such as psychological counseling and drug rehabilitation may be negated.  The defendant's isolation and incapacitation are no longer paramount for the protection of society.

[5]It is acknowledged that under USSG § 1B1.10(b)(2)(C) a reduced term of imprisonment may not be less than the term of imprisonment the defendant has already served.

In *United States v. Starks,* 551 F.3d 839 (8th Cir.), *cert. denied,* 77 U.S.L.W. 3656 (U.S. June 1, 2009) (No. 08-9839), the Eighth Circuit Court of Appeals said:

> Section 3582(c) of Title 18 provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994( o ), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement applicable to sentence reductions based on retroactive amendments by the Sentencing Commission is USSG § 1B1.10. That statement authorizes a reduction in sentence based on Amendment 706. It further provides, however, that in the case of a defendant who was sentenced under the mandatory sentencing guidelines prior to *Booker* and within the applicable guideline range, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," USSG § 1B1.10(b)(2)(A), *i.e.*, the guideline range that would have been applicable to the defendant if the amendment to the guideline had been in effect at the time the defendant was sentenced. *Id.* § 1B1.10(b)(1).

*Id.* at 841; *see also id.* at 843 (quoting § 1B1.10(b)(2)(A)) (again stating that "the court must not reduce the sentence of a defendant who was originally sentenced within the applicable guideline range to 'a term that is less than the minimum of the amended guideline range'").

The questions then become: Was Hasan sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission under 28 U.S.C. § 994(o)? And, if so, was her original sentence within the applicable guideline range?

I view the sentence imposed by Judge Kopf in 1999 as Hasan's "original sentence." I conclude that it was a reasonable sentence, considering all the 18 U.S.C. § 3553(a) factors, and I would impose that sentence or a sentence of "time served" if I had any authority to do so. However, I cannot ignore the first step of the two-step process in

6

U.S.S.G. § 1B1.10.  If I ignored that step, I would be encroaching on the power of commutation vested in the Executive Branch.

Upon further review of the facts and the law, I must acknowledge that Hasan was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Commission pursuant to 28 U.S.C. § 994(o), and she is not eligible for a sentence reduction under U.S.S.G. § 2D1.1 and § 1B1.10.

**CONCLUSION**

For the reasons discussed, I must deny the Defendant's motion to reduce her sentence (Filing No. 744).

IT IS ORDERED:

1.  The Defendant's motion to reduce her sentence (Filing No. 744) is denied; and

2.  The Court's order within the text minute entry at Filing No. 770 is vacated.

DATED this 24th day of June, 2009.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge